**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pasquale Labate, Jr., | ) No. CV-11-1434-PHX-GMS |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| City of Casa Grande, | ) |
| Defendant. | ) |

Pending before the Court are Defendant's Motion to Dismiss (Doc. 9) and Plaintiff's Motion to Strike Defendant's Motion to Dismiss. (Doc. 12). For the reasons stated below, Defendant's motion is granted and Plaintiff's motion is denied.

**BACKGROUND**

On May 6, 2010, Pasquale Labate Sr., proceeding pro se as "conservator," sued the City of Casa Grande for $50,000 for breach of contract because it charged him for demolishing his house after a fire. He claimed that the Director of the City of Casa Grande department of public works had offered to demolish the wreckage and clean up the property for free. (No. CV-10-988, Doc. 1). The parties agreed to submit to the jurisdiction of a magistrate judge, and on June 10, 2010, Magistrate Judge Mark Aspey found that the court lacked subject matter jurisdiction over the claim and dismissed it without prejudice. (No. CV-10-988, Doc. 6). Labate sought review in the Ninth Circuit Court of Appeals, which summarily affirmed Magistrate Judge Aspey's order on December 30, 2010. (No. CV-10-

1 | 988, Doc. 23).

On July 11, 2011, Mr. Labate's son, Plaintiff Pasquale Labate, Jr., re-filed a nearly identical complaint, commencing this suit. (Doc. 1). Plaintiff acknowledges that he is "re-filing law suit against the City of Casa Grande for 50,000 for fraud and breach of contract and for harm done to a minor." (Doc. 1 at 1). Defendants once again move to dismiss the suit, claiming that the statute of limitations has passed, the suit fails to state a claim, and that the Court lacks subject-matter jurisdiction. (Doc. 6). Plaintiff has filed both a response and an identical "Motion of Strike the Motion to Dismiss and Sanction Against Defense Attorney." (Doc. 11).

**DISCUSSION**

**1.     Legal Standard**

Any time that the Court determines, on motion or on its own, that it lacks subject-matter jurisdiction to hear a case, it must dismiss the action. FED. R. CIV. P. 12(h)(3). "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Federal jurisdiction is proper in all cases that present a federal question on the face of the complaint. 28 U.S.C. § 1331 (2006). In addition, the Court has subject-matter jurisdiction to rule on cases in which defendants and plaintiffs are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332 (2006). If any plaintiff is a citizen of the same state as any defendant, diversity is not complete, and subject-matter jurisdiction fails. *See, e.g., Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**2.     Analysis**

Plaintiff's complaint contains no statement asserting that federal jurisdiction is proper, as required by Rule 8(a). Plaintiff cites no federal law his complaint, stating that the suit is for "fraud and breach of contract," which are ordinarily state law claims. This Court has no federal question jurisdiction under 28 U.S.C. § 1331.

There is no diversity of citizenship between the parties, and even if there were,

1 Plaintiff has not claimed an adequate amount in controversy to grant subject-matter
2 jurisdiction. Plaintiff does not address the question of his citizenship, but lists his address as
3 1534 E. Willetta Street, Phoenix, Arizona, 85006, and states that he is a student at Arizona
4 State University. (Doc. 1). Casa Grande, a city located in the state of Arizona, is also a
5 citizen of the state of Arizona. Moreover, Plaintiff's claim is for $50,000, so even if the
6 parties were diverse, the amount in controversy requirement would defeat federal
7 jurisdiction. (Doc. 1).

Since the Court has no jurisdiction to hear this case, it would be improper to address Defendants' other arguments, such as that the complaint was filed after the appropriate statute of limitations, it fails to state a claim, and it is precluded under the doctrine of *res judica* by the earlier suit. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception."). The Court has no subject-matter jurisdiction over this case, and it is therefore dismissed.

**IT IS THEREFORE ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 9) is **granted**.
2. Plaintiff's Motion to Strike (Doc. 12) is **denied**.
3. The Clerk of Court is directed to **terminate** this action.

DATED this 17th day of November, 2011.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge